

1

2

3  Francisco Lamadrid living man
   4193 Flat Rock Drive
4  Riverside, California 92505
   In Propria Persona
   *enough* 5  949-278-6214
   *enough 7@gmail.com*

6

7              IN THE UNITED STATES DISTRICT COURT

8         FOR THE CENTRAL DISTRICT OF CALIFORNIA

9

10                   RIVERSIDE DISTRICT

11  Bank of America, N.A, a                **ED CV 12 - 00360**
    national banking association,
12                                         CIVIL ACTION NUMBER: RIC 1102354
         Plaintiff,
13
                                           NOTICE OF REMOVAL, MOTION AND
14  vs.                                    NOTICE TO VOID LEGAL
                                           DETERMINATIONS, GRANTED
15  Francisco Lamadrid;                    MOTIONS, JUDGMENTS AND COURT
    Maria de Jesus Reyes;                  ORDERS AND
16  Alpha Realty, Inc.;                    PERMANENT INJUNCTION RELIEF
    Does 1 through 50, inclusive,
17       Defendant.

18

19                                         Date:
                                           Dept:
20

21

22

23       NOTICE OF REMOVAL, MOTION AND NOTICE TO VOID LEGAL
    DETERMINATIONS, GRANTED MOTIONS, JUDGMENTS AND COURT ORDERS
24              PERMANENT INJUNCTION RELIEF

25  Plaintiff alleges as follows:

26       COMES NOW Francisco Lamadrid, a living, breathing, man on the soil, a

27  Sovereign American Citizen, *sui juris*, by special appearance, with and claiming all of his

28  unlimited, inherent, unalienable, constitutionally secured Rights. Defendant committed

    NOTICE OF REMOVAL, NOTICE TO VOID LEGAL DETERMINATIONS, GRANTED MOTIONS,
       JUDGMENTS AND COURT ORDERS AND PERMANENT INJUNCTION RELIEF

fraud by bringing a Security Bond issue to the Superior Court of Los Angeles under the scheme of a Non Judicial Foreclosure, which falls under the 1934 Security Exchange Act Sec. 20(b) 15 USC §77T- Injunctions and Prosecution of Offenses. Francisco Lamadrid makes this Answer to Judgement based in truth, fact and law hereby respectfully gives notice to removal to this Honorable Court to Void Legal Determinations, Granted Motions, Judgments and Court Orders and Permanent Injunction Relief for the following lawful reasons:

1. On or about ,1/3/2012, the defendants fraudulently transferred title to the property from the legal owner Francisco Lamadrid and without the consent recorded Bank of America N.A. , as the owner entitled to possession of the property and dwelling located at 4193 Flat Rock Drive, Riverside, California 92505.

2. The real property that is the subject of this action is located in the County of Riverside, State of California, and commonly known as 4193 Flat Rock Drive, Riverside, California 92505: **SEE ATTACHED LEGAL DESCRIPTION EXHIBIT A** , in the Office of the Riverside County Recorder of the State of California.
   APN: 142-091-025 and 142-091-026

3. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Bank of America., (hereinafter, referred to as "DEFENDANT"), is a national banking association organized and existing under the laws of the United States, duly licensed and authorized to do business in the State of California.

4. Defendant Does 1 through 100, inclusive, are sued pursuant to Code of Civil Procedure § 474, because their name and/or capacities and/or facts showing their liability are not presently known to plaintiff. Except where specifically otherwise

NOTICE OF REMOVAL, NOTICE TO VOID LEGAL DETERMINATIONS, GRANTED MOTIONS, JUDGMENTS AND COURT ORDERS AND PERMANENT INJUNCTION RELIEF

stated in the complaint, each Defendant is sued as the agent and/or employee of every other Defendant acting within the course and scope of said agency and/or employment, and with the knowledge and consent in that agency or employment of all co-defendants.

5. Plaintiff is ignorant of the true names and capacities of Defendants' sued herein as DOES 1 through 100, inclusive, whether individual, corporate, associates or otherwise and therefore sues these Defendants' by such fictitious names, Plaintiff will amend the complaint to add the true names and capacities of the fictiously named Defendant's when ascertained. Plaintiff is further informed and believes, and thereon alleges, that each of these fictiously named Defendants are in some manner responsible for the events herein alleged, and the damages alleged were proximately caused by the aforementioned Defendants.

6. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants were co-conspirators, employees, and agents of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting in the course and scope of said conspiracy, agency and employment.

7. Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, Defendants and each of them, DOES 1 through 100, inclusive, were the agents, employees, and/or servants of their codefendants, and each was, as such, acting within the course, scope and authority of said agency, and/or venture, and that each and every Defendant, as aforesaid, when acting as an agent, employee and/or servant, was responsible in some manner for the occurrences herein alleged.

3

**NOTICE OF REMOVAL, NOTICE TO VOID LEGAL DETERMINATIONS, GRANTED MOTIONS, JUDGMENTS AND COURT ORDERS AND PERMANENT INJUNCTION RELIEF**

## JURISDICTION

This Court has jurisdiction over this action pursuant to Sections 20(d)(1) and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(d)(1) & 77v(a), and Sections 21(d)(3)(A), 21(e) and 27 of the Exchange Act, 15 U.S.C. §§ 78u(d)(3)(A), 78u(e) and 78aa. Venue is proper in this district pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and Section 27 of the Exchange Act, 15 U.S.C. § 78aa, because certain of the transactions, acts, practices and courses of conduct constituting violations of the laws alleged occurred within this District and because defendant resides in this District.

Alleged opposing counsel, if in fact, is an officer of the court, is to have sworn an oath in open court, sworn and subscribed, to uphold the Constitutions of the United States as his first duty, as a requirement of due process.

Alleged opposing counsel has claimed that he is "one of the attorneys representing the Defendant" in this matter, yet, no lawful proof of his status as agent has been provided. On or about April 5th 2011, Randolph A. Bain did receive my certificate and notice of unsatisfactory response, in which he did not provide valid and sufficient evidence of his alleged authority.

CERTIFICATE OF UNSATISFACTORY RESPONSE. See Exhibit B.

Therefore, Randolph Bain's claim of lawful agent status in this instant matter is only hearsay because it is not supported by any factual evidence before the court as required per due process. Alleged opposing counsel has not provided a genuine certified copy of a contract/agreement, sworn and attested to by a responsible party legally authorized to contract on behalf of the aforementioned Defendant demonstrating lawful proof that said Defendant is a valid and lawful party of interest in this matter and that the alleged opposing counsel is their agent in this matter with valid and lawful authorization, so attesting under the pains and penalties of perjury. Failure to provide such a contract/agreement is admission that no such contract/agreement exists and, further, that the alleged opposing counsel is acting on

4

his own behalf and interests in his attempt to collect this alleged debt and are not a real party in interest and is a further violation of due process. In this instance, the alleged opposing counsel has perpetrated blatant fraud and will be held accountable and liable for that act.

Upon discovery, his election term ended January 3rd of 2011. On the 18th of October, Lamadrid gave lawful notice to Riverside County Sheriff and Randolph A. Bain of the discovery to vacate null order.

NOTICE TO VACATE WRIT OF POSSESSION AND NOTICE OF SUFFICIENT CAUSE TO REFUSE FOR FRAUD. See Exhibit C.

The Judge in this matter has sworn an Oath to support and defend the Constitution of the United States of America, circa 1787, as amended in 1791 with the Bill of Rights, to the California Constitution and its Bill of Rights, and to the rights of the People of the State of California, secured therein, in exchange for the public trust, per Article VI Section 3 of the National Constitution.

Pursuant to the referenced Oaths, there is no authority for any Judge or Attorney to supersede the mandates of the Constitutions, the Bill of Rights and the California Bill of Rights specific to that state's Constitution without my consent. (See: Article VI Section 2 of the Constitution of the United States as amended and ratified 1791).

Plaintiff claims and exercises all rights as guaranteed by the National Constitution specific to the Bill of Rights, including but not limited to Articles I, IV, V, VII and IX per the California State Constitution Article 1 Section 16.

I, Francisco Lamadrid, am guaranteed all aspects of due process of law in the federal and state Constitutions, and in vigilance with due process, thus, Plaintiff needed sufficient time to prepare a proper defense on or about September 2, 2011, a motion for

**NOTICE OF REMOVAL, NOTICE TO VOID LEGAL DETERMINATIONS, GRANTED MOTIONS, JUDGMENTS AND COURT ORDERS AND PERMANENT INJUNCTION RELIEF**

continuance was sought. The current date set for the trial date, was set for September 23, 2011, which allotted for only 23 business days from the serving of the trial, the notice of motion, and "motion for continuance of trial", which included the challenge of jurisdiction. Francisco Lamadrid was led to believe Dallas Scott Holmes would grant the motion for continuance; since, he expressed that he would give the same courtesy that he gave Randolph A. Bain on his ex-parte motion to vacate dismissal on or about July 29 of 2011;

Plaintiff, Lamadrid, has and did challenge jurisdiction in open court; with a motion for continuance, in which Dallas Scott Holmes denied me due process of law before the court could proceed to trial. This fraudulent activity vitiates any judgment and makes any judgment void.

"Fraud vitiates everything and a judgment equally with a contract..."
(Id. at 66, citing Wells, Res Adjudicata Section 499)

"If the underlying judgment is void, the judgment based upon it is also void." See Austin v. Smith, 312 F.2d 337, 343 (1962).

Since the Constitution is the Supreme Law of the Land and the Constitution specifies Article III courts as the judicial branch of this country's government in which Americans are to be tried, then the prosecutor is required to prove on the record that the trial court is, in fact, an Article III court of judicial competence in

NOTICE OF REMOVAL, NOTICE TO VOID LEGAL DETERMINATIONS, GRANTED MOTIONS, JUDGMENTS AND COURT ORDERS AND PERMANENT INJUNCTION RELIEF

which all aspects of due process of law and rights secured in the Constitutions will be upheld.

SUMMARY

This case involves the ongoing fraudulent offer and sale of a Mortgage Back Security Bond through the scheme of a Non Judicial Foreclosure sale.

Plaintiff's property was securitized and place in Banc of America Funding 2007-7 Trust making it a Mortgage Backed Security (MBS) U.S. Bank National Association. The Trust is registered under the SECURITY EXCHANGE COMMISSION under Federal law.

Types of Mortgage-Backed Securities

Mortgage-backed securities can be structured in a number of ways. Here are the two most common types:

Pass-Throughs;

Pass-through securities, also known as participation certificates, are the most basic mortgage-backed bonds and are collateralized by pools of similar mortgage loans. Most are issued or guaranteed by Ginnie Mae, Fannie Mae or Freddie Mac. As the name suggests, the cash flow from the underlying mortgage payments is passed through to the MBS investor.

Collateralized Mortgage Obligations (CMOs)

**NOTICE OF REMOVAL, NOTICE TO VOID LEGAL DETERMINATIONS, GRANTED MOTIONS, JUDGMENTS AND COURT ORDERS AND PERMANENT INJUNCTION RELIEF**

Not all investors want to receive the monthly payments of principal and interest that MBS pass-throughs offer. As a result, the cash flows from MBS are often pooled and structured into many classes of securities with different maturities and payment schedules, known as collateralized mortgage obligations (CMOs). CMOs may utilize pools of pass-throughs and/or mortgage loans as collateral and typically have three or more bond classes, generally called tranches. Each tranche has its own expected maturity and cash flow pattern. Relative to pass-throughs, some CMOs are stable, low-risk investments, while others are more volatile and risk laden. The unique cash flow patterns of each CMO tranche allow investors to tailor their mortgage exposure to meet a range of investment objectives, since different classes can have different risk/return characteristics.

By Defendant's engagement in this conduct Plaintiff alleges in this Complaint, the Defendant and Defendant's attorney has violated the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) & 77e(c).

The Plaintiff seeks a permanent injunction prohibiting future such conduct, as well as other emergency relief, and that the Defendant's disgorge their ill-gotten gains and pay civil penalties.

## SECURITIZATION AUDIT (See Exhibit D).

CONSERVATIVE EFFORT

On or about 5/1/2011 a negotiable instrument was issued for the indebtness. On or about 5/8/2011 it was accepted by Bank of America, N.A. On or about 6/20/2011, I received verification of acceptance of settlement and closure of the account. .

## SECOND CAUSE OF ACTION
### (PERMANENT INJUNCTION)

Plaintiff re-alleges and incorporate paragraphs 1 through   of this complaint as though fully set forth herein.

Plaintiff is informed and believes and based thereon alleges that, because of the acts mentioned herein, that Defendants and any other person or entity claiming interest in the Grant Deed and/or Quitclaim Deed and/or Deed of trust, be enjoined from entering onto the premises or property located at 4193 Flat Rock Drive, Riverside, California 92505., and further restraining order its agents, officers, employees, and representatives, from attempting to advertise, hold, conduct or participate in any sell, transfer, encumber, or otherwise attempting to convey any right, title, estate or interest in the real property located at 4193 Flat Rock Drive, Riverside, California 92505, and permanent injunction restraining the Defendants and each of them, from interfering with the owners rights of use, occupancy and quiet enjoyment of the property and premises located at 4193 Flat Rock Drive, Riverside, California 92505.

## CONCLUSION AND PRAYER FOR RELIEF

Wherefore, plaintiff requests judgment against defendants, and each of them, as follows:

### ON EACH CAUSE OF ACTION

For restitution of possession of the premises;

Defendant be enjoined during pendency of this action, and permanently thereafter, from occupying Plaintiff's home, claiming any right, title, estate, lien, or interest in the Property or any part of it located at 4193 Flat Rock Drive, Riverside, California 92505;

9

**NOTICE OF REMOVAL, NOTICE TO VOID LEGAL DETERMINATIONS, GRANTED MOTIONS, JUDGMENTS AND COURT ORDERS AND PERMANENT INJUNCTION RELIEF**

1  For damages of $150.00 per day for each day for each defendants have deprived the

2  owner of the use and possession of the premises;

3  For statutory damages of $600.00;

4  For costs of suit herein incurred; and

5  For such other and further relief as the court may deem proper.

6  Executed on this 8th of March, in the County of Riverside, California.

7  Respectfully submitted

8

9  Francisco Lamadrid, In Pro Per

10

11

12

13

14

15

16

17

18

19

20

21

22  **VERIFICATION**

23

24

25  I, Flesh and Blood, Francisco Lamadrid: declare:

26  1.  I am the moving party in the within matter.  The facts set forth herein are within

27  my personal knowledge.  This declaration is made in support of this notice to void legal

28

**NOTICE OF REMOVAL, NOTICE TO VOID LEGAL DETERMINATIONS, GRANTED MOTIONS, JUDGMENTS AND COURT ORDERS AND PERMANENT INJUNCTION RELIEF**

1   determinations, granted motions, judgments and court orders and Permanent Injunction

2   Relief.

3

4

5

6     I declare under penalty of perjury under the laws of the state of California that the

7   foregoing is true and correct. Executed on the 9th day of March 9, 2012 at Riverside,

8   California.

9

10             Francisco Lamadrid

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL, NOTICE TO VOID LEGAL DETERMINATIONS, GRANTED MOTIONS, JUDGMENTS AND COURT ORDERS AND PERMANENT INJUNCTION RELIEF**

1
2
3

## CONCLUSION

4
5
6
7
8
9

For the reasons set forth above, and in good cause, Plaintiff, Francisco

Lamadrid, with valid facts, law, reasons and statements, respectfully give

this Court notice to void all legal determinations, granted motions,

judgments and court orders and Permanent Injunction.

10
11

Dated:  March 09, 2012

12
13
14
15
16
17
18
19

Respectfully submitted,
All Rights Reserved

Francisco Lamadrid

C/o 4193 Flat Rock Drive Suite 300

Riverside, California [92505]

20
21
22
23
24
25
26
27
28

12

**NOTICE OF REMOVAL, NOTICE TO VOID LEGAL DETERMINATIONS, GRANTED MOTIONS,
JUDGMENTS AND COURT ORDERS AND PERMANENT INJUNCTION RELIEF**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

**NOTICE OF REMOVAL, NOTICE TO VOID LEGAL DETERMINATIONS, GRANTED MOTIONS, JUDGMENTS AND COURT ORDERS AND PERMANENT INJUNCTION RELIEF**

142 - 09

FLOOR
SHEET 3 OF 3

1" = .80'
ANGLE = 0

T.R.A. 009-176

POR.P.SEC 22 T.3S., R.6W
CITY OF RIVERSIDE

PAR 9

RIVERWALK PARKWAY

PM 212/69-70 PARCEL MAP NO. 32507
CM 164/29-51 PAR 9 #0892253 09/21/06

THIS MAP WAS PREPARED FOR ASSESSMENT PURPOSES ONLY. NO LIABILITY
IS ASSUMED FOR THE ACCURACY OF THE DATA SHOWN. ASSESSOR'S PARCEL
MAY NOT COMPLY WITH LOCAL LOT-SPLIT OR BUILDING SITE ORDINANCES.

OCT 2 6 2006

NOV 0 2 2006

Oct 2006

ASSESSOR'S MAP BK142 PG.09
Riverside County, Calif.

045

1
2
3
4
5
6
7
8
9
10
11
12
13
14

# EXHIBIT B

15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF REMOVAL, NOTICE TO VOID LEGAL DETERMINATIONS, GRANTED MOTIONS, JUDGMENTS AND COURT ORDERS AND PERMANENT INJUNCTION RELIEF

*CERTIFIED MAIL # 7010 1870 0000 7447 3483*

*Notice to Agent is Notice to Principal*

*Notice to Principal is Notice to Agent*

**NOTICE OF INTERNATIONAL COMMERCIAL**

**CLAIM IN ADMIRALTY ADMINISTRATIVE REMEDY**

**CERTIFICATE AND NOTICE OF UNSATISFACTORY RESPONSE**

April 5, 2011

Affiant: Francisco Lamadrid.

It is apparent that you are acting on the presumption that some relationship that you may have with BANK OF AMERICA, is in some way related to me. I am not a party to this implied relationship you have with BANK OF AMERICA, either directly, indirectly or by means of any tacit consent; thus, without recourse.

"I have never been presented with any sworn affidavit that would provide validity to your assessment". It is my best and considered judgment that no such paperwork or affidavit exists. Your incomplete answers and/or lack of documented proof resulted in default; since, Bank of America and you failed to respond point-by-point, within the (3) three business days (72 hours) that I demanded.

Because proof of claim against me was not received, with lawfully documented proof certified true and correct by (Officers of the Corporation) in their unlimited commercial liability, while under oath, on and for the official record, under penalties of the law including perjury; your proof of claim by preponderance or the greater weight of evidence is unsatisfactory and each and every averment for proof of claim, point by point individually was not answered.

Furthermore, my signature in my true name and signed below asseverate that at the time of entering into any adhesion contract with Bank of America, I was not aware of my position and status as the creditor.

I do not consent to any further communication with your offers and demands.

Respectfully,

By: _____

(Authorized Representative) Without Recourse: UCC §§1-308

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

**NOTICE OF REMOVAL, NOTICE TO VOID LEGAL DETERMINATIONS, GRANTED MOTIONS, JUDGMENTS AND COURT ORDERS AND PERMANENT INJUNCTION RELIEF**

1  Randolph A. Bain, SBN 109527
   Law Offices of Randolph A. Bain
2  158 North Glassell Street, Suite 204
   Orange, California 92866-1407
3  Telephone:   (714)628-1171
   Facsimile:   (714)628-1172
4  E-mail:      bainrand@aol.com

5  Attorneys for Bank of America, N.A.

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            COUNTY OF RIVERSIDE – MORENO VALLEY COURT

10

11  Bank of America, N.A., a national          Case No. MVC1102354
    banking association,
12                                             COMPLAINT FOR UNLAWFUL
              Plaintiff,                       DETAINER
13
    vs.                                        [C.C.P. §1161a]
14
    Francisco Lamadrid;
15  Maria de Jesus Reyes;
    Alpha Realty, Inc.;
16  Does 1 through 50, inclusive,

17            Defendants.

18

19

20

21       Plaintiff, Bank of America, N.A. (the "Bank"), alleges:

22

23                       GENERAL ALLEGATIONS

24       1.    The Bank is a national banking association, organized and existing under the

25  laws of the United States of America.

26       2.    Defendant Francisco Lamadrid ("Lamadrid") is an individual residing in the

27  County of Riverside,  State of California.

28       3.    Defendant Maria de Jesus Reyes ("Reyes") is an individual residing in the

                                      1

c:\lamadrid.com                                               COMPLAINT

1    County of Riverside, State of California.

2       4.    Defendant Alpha Realty, Inc. ("Alpha Realty"), is a corporation with its

3 principal office in the County of Riverside, State of California, and occupying the below-

4 described premises under Lamadrid and Reyes; defendant Alpha Realty is a partnership,

5 limited partnership; limited liability partnership; limited liability company or other business

6 organization form unknown, with a principal business office in the County of Riverside, State

7 of California, and occupying the below-described premises under Lamadrid and Reyes.

8       5.    Defendants Does 1 through 50, inclusive, are sued herein under fictitious

9 names, their true names and capacities, whether individual, corporate, associate or otherwise,

10 being presently unknown to the Bank. The Bank will seek leave to amend this complaint to

11 designate the true names and capacities of Defendants Does 1 through 50, inclusive, when the

12 same have been ascertained. The Bank is informed and believes, and thereon alleges, that

13 Defendants Does 1 through 50, inclusive, and each of them, were agents or employees of the

14 named Defendants, and each of them, or are otherwise responsible for all of the acts herein

15 alleged. The actions by Defendants, and each of them, as herein alleged, were duly ratified

16 by Defendants, and each of them, with each Defendant acting as an agent of the other and

17 within the course and scope of such agency.

18       6.    By virtue of a Trustee's Deed Upon Sale (the "Trustee's Deed"), executed by

19 Old Republic Title Company as the duly appointed trustee, and delivered to the Bank as

20 alleged below, the Bank is the owner, and entitled to possession, of the real property known

21 as 4193 Flat Rock Drive, Suite 300, Unit 45B, Riverside, California 92505 (the "Property").

22 A true and correct copy of the Trustee's Deed (with account number partially redacted) is

23 attached hereto as Exhibit "A" and incorporated herein.

24       7.    A Deed of Trust was executed by Lamadrid and Reyes as Trustor, and

25 delivered to the Bank as beneficiary, and recorded on August 17, 2007 as Document No.

26 2007-0532816 in the Official Records of the County of Riverside (the "Deed of Trust"). By

27 this Deed of Trust, Lamadrid and Reyes conveyed the Property to the trustee to secure

28 payment of a Promissory Note dated August 3, 2007 (the "Note"), in the principal face

c:\lamadrid.com

COMPLAINT

1    amount of $202,762.00, executed and delivered to the Bank by Lamadrid. True and correct

2    copies of the Deed of Trust and Note are attached hereto as Exhibits "B" and "C,"

3    respectively, and incorporated herein.

4         8.    Lamadrid defaulted in the payment of the Note and, thereafter, on February

5    5, 2010, at the request of the Bank, the trustee, in accordance with Civil Code Section 2924,

6    caused to be recorded in the Official Records of the County of Riverside, a notice of default

7    and breach of the conditions of the Deed of Trust and its election to sell the Property under

8    the power of sale contained in the Deed of Trust (the "Notice of Default"). The Notice of

9    Default contained the statement specified in Civil Code Section 2924c(b)(1). A true and

10   correct copy of the Notice of Default (with account number partially redacted) is attached

11   hereto as Exhibit "D" and incorporated herein.

12        9.    On May 25, 2010, more than three months after the Notice of Default was

13   recorded, the trustee, as required by Civil Code Section 2924, gave notice in the manner and

14   form required by Civil Code Section 2924f that the Property would be sold at public auction

15   on June 21, 2010, at 9:00 a.m., at the front steps of the former Corona Police Department

16   located at 849 W. Sixth Street, Corona, Riverside County, California, to satisfy the obligation

17   secured by the Deed of Trust, and caused the notice of such sale (the "Notice of Trustee's

18   Sale") to be recorded as Document No. 2010-0239626 in the Official Records of Riverside

19   County, California. A true and correct copy of the Notice of Trustee's Sale (with account

20   number partially redacted) is attached hereto as Exhibit "E" and incorporated herein.

21        10.   Lamadrid and Reyes failed to cure the default, and at the time and place

22   noticed for sale, the trustee duly sold the Property to the Bank, who was the highest bidder,

23   and, at that time, executed and delivered to the Bank the Trustee's Deed (Exhibit "A" hereto),

24   which was recorded on July 28, 2010, as Document No. 10-0352158 in the Official Records

25   of Riverside County, California. The Trustee's Deed contains the recital of compliance with

26   law as set forth in Civil Code Section 2924.

27        11.   At the time of the sale, Lamadrid and Reyes, and all occupants claiming

28   thereunder, including without limitation Alpha Realty, were not tenants of the Bank and not

3

entitled to a 30-day notice. At the time of the sale, Lamadrid and Reyes, and all occupants claiming thereunder, including without limitation Alpha Realty, were in possession of the Property and have remained in possession after the sale.

12.     On April 5, 2011, the Bank caused to be served on Lamadrid and Reyes, and all tenants claiming thereunder, including without limitation Alpha Realty, a written Three (3) Day Notice to Quit, stating that the Bank had purchased the Property and that its title had been duly perfected and demanding that Defendants quit the Property within three days after service of the Three (3) Day Notice to Quit. A true and correct copy of the Three (3) Day Notice to Quit is attached hereto as Exhibit "F" and incorporated herein.

13.     The three day period expired on April 8, 2011, and since that date the Bank has been entitled to immediate possession of the Property.

14.     Defendants failed and refused to deliver up possession of the Premises within the three day period or since and continue in possession of the Property without the Bank's permission or consent.

15.     The reasonable daily rental value of the Property is unknown at this time but will be established according to proof at trial, and the damages to the Bank proximately caused by Defendants' unlawful detention have accrued at that rate since April 8, 2011, and will continue to accrue at that rate so long as Defendants remain in possession of the Property.


<u>PRAYER</u>

WHEREFORE, the Bank prays for judgment as follows:


1.     For possession of the Property;

2.     For damages for the unlawful detention of the Property according to proof at trial;

3.     For costs of suit incurred herein;

4.     For the Bank's reasonable attorney's fees as determined by this Court;

////

4

5. For such other legal and equitable relief as this Court deems proper.

Dated: April 25, 2011

Law Offices of Randolph A. Bain

By: _____
Randolph A. Bain
Attorneys for Bank of America, N.A.

5

RECORDING REQUESTED BY:
Old Republic Title Company

AND WHEN RECORDED TO:
Bank of America, N.A.
Special Assets Group
101 S. Marengo Ave., 3rd Floor
Pasadena, CA 91101-2428
Hector Perez

Forward Tax Statements to

Same as above

WE HEREBY CERTIFY THIS TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
DOCUMENT RECORDED.

7-28-10

SERIES # 10-0352158 OF OFFICIAL RECORDS.

Riverside COUNTY
OLD REPUBLIC TITLE CO.

SPACE ABOVE LINE FOR RECORDER'S USE

TS #: 0125000401
Loan #: ████████050-███

Order #: 0125000401
Investor #:

## TRUSTEE'S DEED UPON SALE

A.P.N.: 142-090-020-4 & 142-090-021-5 & 142-090-023
& 142-090-024

Transfer Tax: $0.00

"THIS TRANSACTION IS EXEMPT FROM THE REQUIREMENTS OF THE REVENUE AND TAXATION CODE,
SECTION 480.3"
The Grantee Herein was The Foreclosing Beneficiary and this is a second deed of trust.
The Amount of The Unpaid Debt was $146,638.21
The Amount Paid by the Grantee was $6,364.87
Said Property Is In the City of Riverside, County of **Riverside**

**Old Republic Title Company, a California corporation**, as Trustee, (whereas so designated in the Deed of Trust
hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

**Bank of America, N.A.**

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and
now held by it as Trustee under the Deed of Trust in and to the property situated in the county of **Riverside**, State of
California, described as follows:

**See Exhibit "A" attached hereto and made a part hereof**

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **Francisco
Lamadrid and Maria de Jesus Reyes** as Trustor, dated 8/3/2007 of the Official Records in the office of the Recorder of
**Riverside**, California under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly
appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Default and Election to Sell
under the Deed of Trust recorded on 8/17/2007, instrument number **2007-0532816**, of Official records. Trustee having
complied with all applicable statutory requirements of the State of California and performed all duties required by the
Deed of Trust including sending a Notice of Default and Election to Sell within ten days after its recording and a Notice
of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in
compliance with California Civil Code 2924b.

EXHIBIT A

# TRUSTEE'S DEED UPON SALE

TS #: 0125000401
Loan #: ▮▮▮▮4050▮▮
Order #: 0125000401

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with.  Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on 7/26/2010.  Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being **$6,364.87**, in lawful money of the United States, in pro per, receipt thereof is hereby acknowledged in partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, **Old Republic Title Company, a California corporation**, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws.

Date: 7/26/2010

Old Republic Title Company, as Trustee

By: _____

**Debbie Jackson, Assistant Vice President**

**State of California } ss.**
**County of Contra Costa }**

On 7/27/2010 before me, **J M Baker** Notary Public, personally appeared **Debbie Jackson** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____     (Seal)

**J M Baker**

J. M. BAKER
Commission # 1754317
Notary Public - California
Contra Costa County
My Comm. Expires Jul 26, 2011

T.S. NO. 0125000401
EXHIBIT "A"

PARCEL A:

Unit No. 45B, as shown and described in that certain Condominium Plan - Riverwalk Phase 4, recorded March 19, 2007, as Instrument No. 2007-0184463 of Official Records of Riverside County, California, ("Condominium Plan"). The Condominium Plan covers Parcels 2 and 3 of "Parcel Map No. 34298", as shown on that certain Parcel Map filed in Book 219, Pages 79 through 81, inclusive of Maps, in the Office of the County Recorder of the County of Riverside, State of California.

PARCEL B:

An undivided two/thirtieths (2/30) fee simple interest as a tenant in common in the Common Area as set forth and defined on the Condominium Plan.

EXCEPTING FROM Parcels A and B above one-half of all gas, oil and other hydrocarbon substances and all other minerals of every kind and nature in, under or produced from all of the above mentioned property, together with the right to drill, mine and develop the same, as reserved in the Deed recorded January 7, 1955, in Book 1676, Page 319 of Official Records of Riverside County, California.

ALSO EXCEPTING from Parcels A and B above and undivided one-half interest in and to all oil, gas and other hydrocarbon substances and minerals below a depth of 500 feet from the surface with no surface right of entry to the premises as reserved by Mitworth Corporation, a California corporation, et al., in the Deed recorded December 26, 1967, as Instrument No. 113293 of Official Records of Riverside County, California.

ALSO EXCEPTING from Parcels A and B above any and all water, water rights or interests therein appurtenant or relating to the land to include existing water well sites, water wells and their respective facilities and pipelines (including easements for their location) as reserved by La Sierra University, a California non-profit religious corporation, in the Deed recorded October 27, 2005, as Instrument No. 2005-0886716 of Official Records of Riverside County, California.

RESERVING from Parcels A and B above, for the benefit of grantor and turner Riverwalk – 1, LLC, a California limited liability company, and their respective successors in interest and others, easements for access, ingress, egress, encroachment, support, maintenance, drainage, use, enjoyment, repairs and for other purposes as described in the Declaration of Covenants, Conditions. Restrictions and Reservation of Easements for Turner

Riverwalk recorded October 19, 2004, as Instrument No. 2004-0827391, as amended by the First Amended to Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for Turner Riverwalk recorded December 10, 2004, as Instrument No. 2004-0982160 and as annexed by the Supplemental Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for Turner Riverwalk (Phase 4), recorded March 19, 2007, as Instrument No. 2007-0184461, and in the Declaration of Covenants, Conditions and Restrictions and Reservation of Easements for Riverwalk Phase 4 Condominium Association recorded March 19, 2007, as Instrument No. 2007-0184462, as amended by the First Amendment to Declaration of Covenants, Conditions and Restrictions and Reservation of Easements for Riverwalk Phase 4 Condominium Association recorded April 3, 2007, as Instrument No. 2007-0225457, all of Official Records of Riverside County, California.

T.S. NO. 0125000401
EXHIBIT "A" con·t

PARCEL C:

Non-exclusive easements for access, ingress, egress, use, enjoyment, drainage encroachment, support maintenance, repairs and other purposes, as said easements are set forth in Section 12.4 of that certain Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for Turner Riverwalk recorded October 19, 2004, as Instrument No. 2004-0827391, as amended by the First Amendment to Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for Turner Riverwalk recorded December 10, 2004, as Instrument No. 2004-0982160 and as annexed by that Supplemental Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for Turner Riverwalk (Phase 4) recorded March 19, 2007, as Instrument No. 2007-0184461, all of Official Records of Riverside County, California.

PARCEL D:

An appurtenant, non-exclusive easement for use of and vehicular and pedestrian access over the common property, as said easement is set forth and defined in Section 4.1.5 of that certain Declaration of Covenants, Conditions and Restrictions and Reservation of Easements for Riverwalk Phase 4 Condominium Association recorded March 19, 2007, as Instrument No. 2007-0184462, as amended by the First Amendment to Declaration of Covenants, Conditions and Restrictions and Reservation of Easements for Riverwalk Phase 4 Condominium Association recorded April 3, 2007, as Instrument No. 2007-0225457, both of Official Records of Riverside County, California.

**Recording Requested By**
First American Title Company

RECORDATION REQUESTED BY:
Bank of America, N.A.
CCS-Small Business/ Premier
CA9-703-11-11
333 South Beaudry Avenue, 11th Flr
Los Angeles, CA 90017-1486

WHEN RECORDED MAIL TO:
Bank of America, N.A.
FL9-100-03-15
P.O. Box 45247
Jacksonville, FL 32203-0329

SEND TAX NOTICES TO:
Bank of America, N.A.
CCS-Small Business/ Premier
CA9-703-11-11
333 South Beaudry Avenue, 11th Flr
Los Angeles, CA 90017-1486

277502-A-4

DOC # 2007-0532816
08/17/2007 08:00A Fee:51.00
Page 1 of 15
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|---|---|---|---|---|---|---|
| | | | 6 | | | | | | |
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |
| | | | | | | | CTY | UNI | 013 |
| | | | | | | T: | | | 012 |

5

## CONSTRUCTION DEED OF TRUST

THIS DEED OF TRUST is dated August 3, 2007, among Francisco Lamadrid and Maria de Jesus Reyes,, whose address is 8099 Sanctuary Drive, Corona, CA 92883 ("Trustor"); Bank of America, N.A., whose address is CCS-Small Business/ Premier, CA9-703-11-11, 333 South Beaudry Avenue, 11th Flr, Los Angeles, CA 90017-1486 (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and PRLAP, Inc., whose address is 10850 White Rock Road, Suite 101, Rancho Cordova, CA 95670 (referred to below as "Trustee").

CONVEYANCE AND GRANT. For valuable consideration, Trustor irrevocably grants, transfers and assigns to Trustee in trust, with power of sale, for the benefit of Lender as Beneficiary, all of Trustor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, (the "Real Property") located in Riverside County, State of California:

See Exhibit "A", which is attached to this Deed of Trust and made a part of this Deed of Trust as if fully set forth herein.

The Real Property or its address is commonly known as 4193 Flat Rock Drive, #300, 42505-5861, CA.

Trustor presently assigns to Lender (also known as Beneficiary in this Deed of Trust) all of Trustor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property. This is an absolute assignment of Rents made in connection with an obligation secured by real property pursuant to California Civil Code Section 2938. In addition, Trustor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF ANY AND ALL OBLIGATIONS UNDER THIS DEED OF TRUST. THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS ALSO GIVEN TO SECURE ANY AND ALL OF BORROWER'S OBLIGATIONS UNDER THAT CERTAIN CONSTRUCTION LOAN AGREEMENT BETWEEN BORROWER AND LENDER OF EVEN DATE HEREWITH. ANY EVENT OF DEFAULT UNDER THE CONSTRUCTION LOAN AGREEMENT, OR ANY OF THE RELATED DOCUMENTS REFERRED TO THEREIN, SHALL ALSO BE AN EVENT OF DEFAULT UNDER THIS DEED OF TRUST. THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

TRUSTOR'S REPRESENTATIONS AND WARRANTIES. Trustor warrants that: (a) this Deed of Trust is executed at Borrower's request and not at the request of Lender; (b) Trustor has the full power, right, and authority to enter into this Deed of Trust and to hypothecate the Property; (c) the provisions of this Deed of Trust do not conflict with, or result in a default under any agreement or other instrument binding upon Trustor and do not result in a violation of any law, regulation, court decree or order applicable to Trustor; (d) Trustor has established adequate means of obtaining from Borrower on a continuing basis information about Borrower's financial condition; and (e) Lender has made no representation to Trustor about Borrower (including without limitation the creditworthiness of Borrower).

TRUSTOR'S WAIVERS. Except as prohibited by applicable law, Trustor waives any right to require Lender to (a) make any presentment, protest, demand, or notice of any kind, including notice of change of any terms of repayment of the Indebtedness, default by Borrower or any other guarantor or surety, any action or nonaction taken by Borrower, Lender, or any other guarantor or surety of Borrower, the creation of new or additional Indebtedness; (b) proceed against any person, including Borrower, before proceeding against Trustor; (c) proceed against any collateral for the Indebtedness, including Borrower's collateral, before proceeding against Trustor; (d) apply any payments or proceeds received against the Indebtedness in any order; (e) give notice of the terms, time, and place of any sale of any collateral pursuant to the Uniform Commercial Code or any other law governing such sale; (f) disclose any information about the Indebtedness, Borrower, any collateral, or any other guarantor or surety, or about any action or nonaction of Lender; or (g) pursue any remedy or course of action in Lender's power whatsoever.

EXHIBIT B

# DEED OF TRUST
## (Continued)

Trustor also waives any and all rights or defenses arising by reason of (h) any disability or other defense of Borrower, any other guarantor or surety or any other person; (i) the cessation from any cause whatsoever, other than payment in full, of the Indebtedness; (j) the application of proceeds of the Indebtedness by Borrower for purposes other than the purposes understood and intended by Trustor and Lender; (k) any act of omission or commission by Lender which directly or indirectly results in or contributes to the discharge of Borrower or any other guarantor or surety, or the Indebtedness, or the loss or release of any collateral by operation of law or otherwise; (l) any statute of limitations in any action under this Deed of Trust or on the Indebtedness; or (m) any modification or change in terms of the indebtedness, whatsoever, including without limitation, the renewal, extension, acceleration, or other change in the time payment of the Indebtedness is due and any change in the interest rate.

Trustor waives all rights and defenses arising out of an election of remedies by Lender, even though that election of remedies, such as non-judicial foreclosure with respect to security for a guaranteed obligation, has destroyed Trustor's rights of subrogation and reimbursement against Borrower by the operation of Section 580d of the California Code of Civil Procedure, or otherwise.

Trustor waives all rights and defenses that Trustor may have because Borrower's obligation is secured by real property. This means among other things: (1) Lender may collect from Trustor without first foreclosing on any real or personal property collateral pledged by Borrower. (2) If Lender forecloses on any real property collateral pledged by Borrower: (A) The amount of Borrower's obligation may be reduced only by the price for which the collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price. (B) Lender may collect from Trustor even if Lender, by foreclosing on the real property collateral, has destroyed any right Trustor may have to collect from Borrower. This is an unconditional and irrevocable waiver of any rights and defenses Trustor may have because Borrower's obligation is secured by real property. These rights and defenses include, but are not limited to, any rights and defenses based upon Section 580a, 580b, 580d, or 726 of the Code of Civil Procedure.

Trustor understands and agrees that the foregoing waivers are unconditional and irrevocable waivers of substantive rights and defenses to which Trustor might otherwise be entitled under state and federal law. The rights and defenses waived include, without limitation, those provided by California laws of suretyship and guaranty, anti-deficiency laws, and the Uniform Commercial Code. Trustor acknowledges that Trustor has provided these waivers of rights and defenses with the intention that they be fully relied upon by Lender. Trustor further understands and agrees that this Deed of Trust is a separate and independent contract between Trustor and Lender, given for full and ample consideration, and is enforceable on its own terms. Until all Indebtedness is paid in full, Trustor waives any right to enforce any remedy Trustor may have against Borrower's or any other guarantor, surety, or other person, and further, Trustor waives any right to participate in any collateral for the Indebtedness now or hereafter held by Lender.

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Deed of Trust, Borrower and Trustor shall pay to Lender all Indebtedness secured by this Deed of Trust as it becomes due, and Borrower and Trustor shall strictly perform all their respective obligations under the Note, this Deed of Trust, and the Related Documents.

**CONSTRUCTION MORTGAGE.** This Deed of Trust is a "construction mortgage" for the purposes of Sections 9-334 and 2A-309 of the Uniform Commercial Code, as those sections have been adopted by the State of California.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.** Borrower and Trustor agree that Borrower's and Trustor's possession and use of the Property shall be governed by the following provisions:

Possession and Use. Until the occurrence of an Event of Default, Trustor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; and (3) collect the Rents from the Property.

Duty to Maintain. Trustor shall maintain the Property in tenantable condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

Compliance With Environmental Laws. Trustor represents and warrants to Lender that: (1) During the period of Trustor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property; (2) Trustor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing, (a) any breach or violation of any Environmental Laws, (b) any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or (c) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (3) Except as previously disclosed to and acknowledged by Lender in writing, (a) neither Trustor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws. Trustor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Trustor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Deed of Trust. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Trustor or to any other person. The representations and warranties contained herein are based on Trustor's due diligence in investigating the Property for Hazardous Substances. Trustor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Trustor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Trustor's ownership or interest in the Property, whether or not the same was or should have been known to Trustor. The provisions of this section of the Deed of Trust, including the obligation to indemnify, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

Nuisance, Waste. Trustor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the generality of the foregoing, Trustor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

# DEED OF TRUST
## (Continued)

**Removal of Improvements.** Trustor shall not demolish or remove any Improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any Improvements, Lender may require Trustor to make arrangements satisfactory to Lender to replace such Improvements with Improvements of at least equal value.

**Lender's Right to Enter.** Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Trustor's compliance with the terms and conditions of this Deed of Trust.

**Compliance with Governmental Requirements.** Trustor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property, including without limitation, the Americans With Disabilities Act. Trustor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Trustor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Trustor to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest.

**Duty to Protect.** Trustor agrees neither to abandon or leave unattended the Property. Trustor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**Construction Loan.** If some or all of the proceeds of the loan creating the Indebtedness are to be used to construct or complete construction of any Improvements on the Property, the Improvements shall be completed no later than the maturity date of the Note (or such earlier date as Lender may reasonably establish) and Trustor shall pay in full all costs and expenses in connection with the work. Lender will disburse loan proceeds under such terms and conditions as Lender may deem reasonably necessary to insure that the interest created by this Deed of Trust shall have priority over all possible liens, including those of material suppliers and workmen. Lender may require, among other things, that disbursement requests be supported by receipted bills, expense affidavits, waivers of liens, construction progress reports, and such other documentation as Lender may reasonably request.

**DUE ON SALE - CONSENT BY LENDER.** Lender may, at Lender's option, declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law.

**TAXES AND LIENS.** The following provisions relating to the taxes and liens on the Property are part of this Deed of Trust:

**Payment.** Trustor shall pay when due (and in all events at least ten (10) days prior to delinquency) all taxes, special taxes, assessments, charges (including water and sewer), fines and impositions levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Trustor shall maintain the Property free of all liens having priority over or equal to the interest of Lender under this Deed of Trust, except for the lien of taxes and assessments not due, except for the Existing Indebtedness referred to below, and except as otherwise provided in this Deed of Trust.

**Right to Contest.** Trustor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Trustor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Trustor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Trustor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Trustor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Trustor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Trustor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account of the work, services, or materials. Trustor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Trustor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Deed of Trust.

**Maintenance of Insurance.** Trustor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all Improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender. Trustor shall also procure and maintain comprehensive general liability insurance in such coverage amounts as Lender may request with Trustee and Lender being named as additional insureds in such liability insurance policies. Additionally, Trustor shall maintain such other insurance, including but not limited to hazard, business interruption, and boiler insurance, as Lender may reasonably require. Notwithstanding the foregoing, in no event shall Trustor be required to provide hazard insurance in excess of the replacement value of the improvements on the Real Property. Policies shall be written in form, amounts, coverages and basis reasonably acceptable to Lender and issued by a company or companies reasonably acceptable to Lender. Trustor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least thirty (30) days prior written notice to Lender. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Trustor or any other person. Should the Real Property be located in an area designated by the Director of the Federal Emergency

**DEED OF TRUST**
**(Continued)**

Page 4

Management Agency as a special flood hazard area, Trustor agrees to obtain and maintain Federal Flood Insurance, if available, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**Application of Proceeds.** Trustor shall promptly notify Lender of any loss or damage to the Property. Lender may make proof of loss if Trustor fails to do so within fifteen (15) days of the casualty. If in Lender's sole judgment Lender's security interest in the Property has been impaired, Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If the proceeds are to be applied to restoration and repair, Trustor shall repair or replace the damaged or destroyed improvements in a manner satisfactory to Lender. Lender shall, upon satisfactory proof of such expenditure, pay or reimburse Trustor from the proceeds for the reasonable cost of repair or restoration if Trustor is not in default under this Deed of Trust. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness. If Lender holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Trustor as Trustor's interests may appear.

**Compliance with Existing Indebtedness.** During the period in which any Existing Indebtedness described below is in effect, compliance with the insurance provisions contained in the instrument evidencing such Existing Indebtedness shall constitute compliance with the insurance provisions under this Deed of Trust, to the extent compliance with the terms of this Deed of Trust would constitute a duplication of insurance requirement. If any proceeds from the insurance become payable on loss, the provisions in this Deed of Trust for division of proceeds shall apply only to that portion of the proceeds not payable to the holder of the Existing Indebtedness.

**Trustor's Report on Insurance.** Upon request of Lender, however not more than once a year, Trustor shall furnish to Lender a report on each existing policy of insurance showing: (1) the name of the insurer; (2) the risks insured; (3) the amount of the policy; (4) the property insured, the then current replacement value of such property, and the manner of determining that value; and (5) the expiration date of the policy. Trustor shall, upon request of Lender, have an independent appraiser satisfactory to Lender determine the cash value replacement cost of the Property.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Property or if Trustor fails to comply with any provision of this Deed of Trust or any Related Documents, including but not limited to Trustor's failure to comply with any obligation to maintain Existing Indebtedness in good standing as required below, or to discharge or pay when due any amounts Trustor is required to discharge or pay under this Deed of Trust or any Related Documents, Lender on Trustor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Property and paying all costs for insuring, maintaining and preserving the Property. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Trustor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Deed of Trust also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**WARRANTY; DEFENSE OF TITLE.** The following provisions relating to ownership of the Property are a part of this Deed of Trust:

**Title.** Trustor warrants that: (a) Trustor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in the Existing Indebtedness section below or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Deed of Trust, and (b) Trustor has the full right, power, and authority to execute and deliver this Deed of Trust to Lender.

**Defense of Title.** Subject to the exception in the paragraph above, Trustor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Trustor's title or the interest of Trustee or Lender under this Deed of Trust, Trustor shall defend the action at Trustor's expense. Trustor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Trustor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

**Compliance With Laws.** Trustor warrants that the Property and Trustor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Representations and Warranties.** All representations, warranties, and agreements made by Trustor in this Deed of Trust shall survive the execution and delivery of this Deed of Trust, shall be continuing in nature, and shall remain in full force and effect until such time as Borrower's Indebtedness shall be paid in full.

**EXISTING INDEBTEDNESS.** The following provisions concerning Existing Indebtedness are a part of this Deed of Trust:

**Existing Lien.** The lien of this Deed of Trust securing the Indebtedness may be secondary and inferior to an existing lien. Trustor expressly covenants and agrees to pay, or see to the payment of, the Existing Indebtedness and to prevent any default on such indebtedness, any default under the instruments evidencing such indebtedness, or any default under any security documents for such indebtedness.

**No Modification.** Trustor shall not enter into any agreement with the holder of any mortgage, deed of trust, or other security agreement which has priority over this Deed of Trust by which that agreement is modified, amended, extended, or renewed without the prior written consent of Lender. Trustor shall neither request nor accept any future advances under any such security agreement without the prior written consent of Lender.

**CONDEMNATION.** The following provisions relating to eminent domain and inverse condemnation proceedings are a part of this Deed of

**DEED OF TRUST**
**(Continued)**                                                                 Page 5

---

Trust:

**Proceedings.** If any eminent domain or inverse condemnation proceeding is commenced affecting the Property, Trustor shall promptly notify Lender in writing, and Trustor shall promptly take such steps as may be necessary to pursue or defend the action and obtain the award. Trustor may be the nominal party in any such proceeding, but Lender shall be entitled, at its election, to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Trustor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation.

**Application of Net Proceeds.** If any award is made or settlement entered into in any condemnation proceeding affecting all or any part of the Property or by any proceeding or purchase in lieu of condemnation, Lender may at its election, and to the extent permitted by law, require that all or any portion of the award or settlement be applied to the Indebtedness and to the repayment of all reasonable costs, expenses, and attorneys' fees incurred by Trustee or Lender in connection with the condemnation proceedings.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust:

**Current Taxes, Fees and Charges.** Upon request by Lender, Trustor shall execute such documents in addition to this Deed of Trust and take whatever other action is requested by Lender to perfect and continue Lender's lien on the Real Property. Trustor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Deed of Trust.

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax upon this type of Deed of Trust or upon all or any part of the Indebtedness secured by this Deed of Trust; (2) a specific tax on Borrower which Borrower is authorized or required to deduct from payments on the Indebtedness secured by this type of Deed of Trust; (3) a tax on this type of Deed of Trust chargeable against the Lender or the holder of the Note; and (4) a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Borrower.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same effect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Trustor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust:

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Lender, Trustor shall take whatever action is requested by Lender to perfect and continue Lender's security interest in the Rents and Personal Property. Trustor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Trustor shall not remove, sever or detach the Personal Property from the Property. Upon default, Trustor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Trustor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law.

**Addresses.** The mailing addresses of Trustor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Deed of Trust.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Deed of Trust:

**Further Assurances.** At any time, and from time to time, upon request of Lender, Trustor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Borrower's and Trustor's obligations under the Note, this Deed of Trust, and the Related Documents, and (2) the liens and security interests created by this Deed of Trust on the Property, whether now owned or hereafter acquired by Trustor. Unless prohibited by law or Lender agrees to the contrary in writing, Trustor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph.

**Attorney-in-Fact.** If Trustor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name of Trustor and at Trustor's expense. For such purposes, Trustor hereby irrevocably appoints Lender as Trustor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Borrower and Trustor pay all the Indebtedness when due, and Trustor otherwise performs all the obligations imposed upon Trustor under this Deed of Trust, Lender shall execute and deliver to Trustee a request for full reconveyance and shall execute and deliver to Trustor suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property. Lender may charge Trustor a reasonable reconveyance fee at the time of reconveyance.

**EVENTS OF DEFAULT.** Each of the following, at Lender's option, shall constitute an Event of Default under this Deed of Trust:

**Payment Default.** Borrower fails to make any payment when due under the Indebtedness.

**Other Defaults.** Borrower or Trustor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Deed of Trust or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition

**DEED OF TRUST**
(Continued)

contained in any other agreement between Lender and Borrower or Trustor.

**Compliance Default.** Failure to comply with any other term, obligation, covenant or condition contained in this Deed of Trust, the Note or in any of the Related Documents.

**Default on Other Payments.** Failure of Trustor within the time required by this Deed of Trust to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**Default in Favor of Third Parties.** Should Borrower or any Trustor default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Trustor's property or Borrower's or any Trustor's ability to repay the Indebtedness or perform their respective obligations under this Deed of Trust or any of the Related Documents.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or Trustor or on Borrower's or Trustor's behalf under this Deed of Trust or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Defective Collateralization.** This Deed of Trust or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Death or Insolvency.** The death of Borrower or Trustor, the insolvency of Borrower or Trustor, the appointment of a receiver for any part of Borrower's or Trustor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower or Trustor.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or Trustor or by any governmental agency against any property securing the Indebtedness. This includes a garnishment of any of Borrower's or Trustor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower or Trustor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower or Trustor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Breach of Other Agreement.** Any breach by Borrower or Trustor under the terms of any other agreement between Borrower or Trustor and Lender that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Borrower or Trustor to Lender, whether existing now or later.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the Indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**Adverse Change.** A material adverse change occurs in Borrower's or Trustor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**Existing Indebtedness.** The payment of any installment of principal or any interest on the Existing Indebtedness is not made within the time required by the promissory note evidencing such indebtedness, or a default occurs under the instrument securing such indebtedness and is not cured during any applicable grace period in such instrument, or any suit or other action is commenced to foreclose any existing lien on the Property.

**RIGHTS AND REMEDIES ON DEFAULT.** If an Event of Default occurs under this Deed of Trust, at any time thereafter, Trustee or Lender may exercise any one or more of the following rights and remedies:

**Election of Remedies.** Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Trustor under this Deed of Trust, after Trustor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

**Foreclosure by Sale.** Upon an Event of Default under this Deed of Trust, Beneficiary may declare the entire Indebtedness secured by this Deed of Trust immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold the Property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed of Trust, the Note, other documents requested by Trustee, and all documents evidencing expenditures secured hereby. After the lapse of such time as may then be required by law following the recordation of the notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell the Property at the time and place fixed by it in the notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of the Property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement in accordance with applicable law. Trustee shall deliver to such purchaser its deed conveying the Property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee or Beneficiary may purchase at such sale. After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

**Judicial Foreclosure.** With respect to all or any part of the Real Property, Lender shall have the right in lieu of foreclosure by power of sale to foreclose by judicial foreclosure in accordance with and to the full extent provided by California law.

**UCC Remedies.** With respect to all or any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code, including without limitation the right to recover any deficiency in the manner and to the full extent provided by California law.

**Collect Rents.** Lender shall have the right, without notice to Borrower or Trustor to take possession of and manage the Property and

**DEED OF TRUST**
(Continued)

---

collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender. If the Rents are collected by Lender, then Trustor irrevocably designates Lender as Trustor's attorney-in-fact to endorse instruments received in payment thereof in the name of Trustor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Tenancy at Sufferance.** If Trustor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Trustor, Trustor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, or (2) vacate the Property immediately upon the demand of Lender.

**Other Remedies.** Trustee or Lender shall have any other right or remedy provided in this Deed of Trust or the Note or by law.

**Notice of Sale.** Lender shall give Trustor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made. Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition. Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Sale of the Property.** To the extent permitted by applicable law, Borrower and Trustor hereby waives any and all rights to have the Property marshalled. In exercising its rights and remedies, the Trustee or Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Trustor also will pay any court costs, in addition to all other sums provided by law.

**Rights of Trustee.** Trustee shall have all of the rights and duties of Lender as set forth in this section.

**POWERS AND OBLIGATIONS OF TRUSTEE.** The following provisions relating to the powers and obligations of Trustee are part of this Deed of Trust:

**Powers of Trustee.** In addition to all powers of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Lender and Trustor: (a) join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public; (b) join in granting any easement or creating any restriction on the Real Property; and (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Lender under this Deed of Trust.

**Obligations to Notify.** Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Trustor, Lender, or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**Trustee.** Trustee shall meet all qualifications required for Trustee under applicable law. In addition to the rights and remedies set forth above, with respect to all or any part of the Property, the Trustee shall have the right to foreclose by notice and sale, and Lender shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**Successor Trustee.** Lender, at Lender's option, may from time to time appoint a successor Trustee to any Trustee appointed under this Deed of Trust by an instrument executed and acknowledged by Lender and recorded in the office of the recorder of Riverside County, State of California. The instrument shall contain, in addition to all other matters required by state law, the names of the original Lender, Trustee, and Trustor, the book and page where this Deed of Trust is recorded, and the name and address of the successor trustee, and the instrument shall be executed and acknowledged by Lender or its successors in interest. The successor trustee, without conveyance of the Property, shall succeed to all the title, power, and duties conferred upon the Trustee in this Deed of Trust and by applicable law. This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution.

**Acceptance by Trustee.** Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.

**NOTICES.** Any notice required to be given under this Deed of Trust shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier,

# DEED OF TRUST
## (Continued)

or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust. Trustor requests that copies of any notices of default and sale be directed to Trustor's address shown near the beginning of this Deed of Trust. All copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust shall be sent to Lender's address, as shown near the beginning of this Deed of Trust. Any party may change its address for notices under this Deed of Trust by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Trustor agrees to keep Lender informed at all times of Trustor's current address. Unless otherwise provided or required by law, if there is more than one Trustor, any notice given by Lender to any Trustor is deemed to be notice given to all Trustors.

**STATEMENT OF OBLIGATION FEE.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

**DISPUTE RESOLUTION PROVISION.** This paragraph, including the subparagraphs below, is referred to as the "Dispute Resolution Provision." This Dispute Resolution Provision is a material inducement for the parties entering into this agreement.

(a) This Dispute Resolution Provision concerns the resolution of any controversies or claims between the parties, whether arising in contract, tort or by statute, including but not limited to controversies or claims that arise out of or relate to: (i) this agreement (including any renewals, extensions or modifications); or (ii) any document related to this agreement (collectively a "Claim"). For the purposes of this Dispute Resolution Provision only, the term "parties" shall include any parent corporation, subsidiary or affiliate of Lender involved in the servicing, management or administration of any obligation described or evidenced by this agreement.

(b) At the request of any party to this agreement, any Claim shall be resolved by binding arbitration in accordance with the Federal Arbitration Act (Title 9, U.S. Code) (the "Act"). The Act will apply even though this agreement provides that it is governed by the law of a specified state.

(c) Arbitration proceedings will be determined in accordance with the Act, the then-current rules and procedures for the arbitration of financial services disputes of the American Arbitration Association or any successor thereof ("AAA"), and the terms of this Dispute Resolution Provision. In the event of any inconsistency, the terms of this Dispute Resolution Provision shall control. If AAA is unwilling or unable to (i) serve as the provider of arbitration or (ii) enforce any provision of this arbitration clause, the Lender may designate another arbitration organization with similar procedures to serve as the provider of arbitration.

(d) The arbitration shall be administered by AAA and conducted, unless otherwise required by law, in any U.S. state where real or tangible personal property collateral for this credit is located or if there is no such collateral, in the state specified in the governing law section of this agreement. All Claims shall be determined by one arbitrator; however, if Claims exceed Five Million Dollars ($5,000,000), upon the request of any party, the Claims shall be decided by three arbitrators. All arbitration hearings shall commence within ninety (90) days of the demand for arbitration and close within ninety (90) days of commencement and the award of the arbitrator(s) shall be issued within thirty (30) days of the close of the hearing. However, the arbitrator(s), upon a showing of good cause, may extend the commencement of the hearing for up to an additional sixty (60) days. The arbitrator(s) shall provide a concise written statement of reasons for the award. The arbitration award may be submitted to any court having jurisdiction to be confirmed and have judgment entered and enforced.

(e) The arbitrator(s) will give effect to statutes of limitation in determining any Claim and may dismiss the arbitration on the basis that the Claim is barred. For purposes of the application of any statutes of limitation, the service on AAA under applicable AAA rules of a notice of Claim is the equivalent of the filing of a lawsuit. Any dispute concerning this arbitration provision or whether a Claim is arbitrable shall be determined by the arbitrator(s), except as set forth at subparagraph (h) of this Dispute Resolution Provision. The arbitrator(s) shall have the power to award legal fees pursuant to the terms of this agreement.

(f) This paragraph does not limit the right of any party to: (i) exercise self-help remedies, such as but not limited to, setoff; (ii) initiate judicial or non-judicial foreclosure against any real or personal property collateral; (iii) exercise any judicial or power of sale rights, or (iv) act in a court of law to obtain an interim remedy, such as but not limited to, injunctive relief, writ of possession or appointment of a receiver, or additional or supplementary remedies.

(g) The filing of a court action is not intended to constitute a waiver of the right of any party, including the suing party, thereafter to require submittal of the Claim to arbitration.

(h) Any arbitration or trial by a judge of any Claim will take place on an individual basis without resort to any form of class or representative action (the "Class Action Waiver"). Regardless of anything else in this Dispute Resolution Provision, the validity and effect of the Class Action Waiver may be determined only by a court and not by an arbitrator. The parties to this Agreement acknowledge that the Class Action Waiver is material and essential to the arbitration of any disputes between the parties and is nonseverable from the agreement to arbitrate Claims. If the Class Action Waiver is limited, voided or found unenforceable, then the parties' agreement to arbitrate shall be null and void with respect to such proceeding, subject to the right to appeal the limitation or invalidation of the Class Action Waiver. The Parties acknowledge and agree that under no circumstances will a class action be arbitrated.

**COUNTERPARTS.** This Agreement may be executed in any number of counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same agreement.

**FINAL AGREEMENT.** BY SIGNING THIS DOCUMENT EACH PARTY REPRESENTS AND AGREES THAT: (A) THIS DOCUMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES WITH RESPECT TO THE SUBJECT MATTER HEREOF, (B) THIS DOCUMENT SUPERSEDES ANY COMMITMENT LETTER, TERM SHEET OR OTHER WRITTEN OUTLINE OF TERMS AND CONDITIONS RELATING TO THE SUBJECT MATTER HEREOF, UNLESS SUCH COMMITMENT LETTER, TERM SHEET OR OTHER WRITTEN OUTLINE OF TERMS AND CONDITIONS EXPRESSLY PROVIDES TO THE CONTRARY, (C) THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES, AND (D) THIS DOCUMENT MAY NOT BE CONTRADICTED BY EVIDENCE OF ANY PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OR UNDERSTANDINGS OF THE PARTIES.

**ADDRESS FOR NOTICES.** Notwithstanding anything to the contrary herein, all notices and communications to the Lender shall be directed to the following address:

        Bank of America, N.A.
        Jacksonville CC5; Attn:  Notice Desk

**DEED OF TRUST**
**(Continued)**

9000 Southside Blvd., Bldg. 100, 3rd Floor
Jacksonville, FL 32256.

**ENVIRONMENTAL OBLIGATIONS.** Notwithstanding anything to the contrary contained herein, this [Deed of Trust] [Mortgage] shall not secure the obligations arising in favor of Lender under any environmental agreements or any indemnities or other obligations related to Hazardous Substances or Environmental Laws.

**AFFILIATE SHARING NOTICE.** Notice to individual Borrowers, Guarantors and Pledgors ("Obligors"): From time to time Bank of America, N.A. (the "Bank") may share information about the Obligor's experience with Bank of America Corporation (or any successor company) and its subsidiaries and affiliated companies (the "Affiliates"). The Bank may also share with the Affiliates credit-related information contained in any applications, from credit reports and information it may obtain about the Obligor from outside sources. If the Obligor is an individual, the Obligor may instruct the Bank not to share this information with the Affiliates. The Obligor can make this election by (1) calling the Bank at 1.888.341.5000, (2) visiting the Bank online at www.bankofamerica.com, selecting "Privacy & Security," and then selecting "Set Your Privacy Preferences," or (3) contacting the Obligor's client manager or local banking center. To help the Bank complete the Obligor's request, the Obligor should include the Obligor's name, address, phone number, account number(s) and social security number. If the Obligor makes this election, certain products or services may not be made available to the Obligor. This request will apply to information from applications, consumer reports and other outside sources only, and may take six to eight weeks to be fully effective. Through the normal course of doing business, including servicing the Obligor's accounts and better serving the Obligor's financial needs, the Bank will continue to share transaction and account experience information, as well as other general information among the Affiliates.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Deed of Trust:

**Amendments.** This Deed of Trust, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Deed of Trust. No alteration of or amendment to this Deed of Trust shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Annual Reports.** If the Property is used for purposes other than Trustor's residence, Trustor shall furnish to Lender, upon request, a certified statement of net operating income received from the Property during Trustor's previous fiscal year in such form and detail as Lender shall require. "Net operating income" shall mean all cash receipts from the Property less all cash expenditures made in connection with the operation of the Property.

**Caption Headings.** Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust.

**Merger.** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Governing Law.** This Deed of Trust will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions. This Deed of Trust has been accepted by Lender in the State of California.

**Choice of Venue.** If there is a lawsuit, Trustor agrees upon Lender's request to submit to the jurisdiction of the courts of any County, State of California.

**Joint and Several Liability.** All obligations of Borrower and Trustor under this Deed of Trust shall be joint and several, and all references to Trustor shall mean each and every Trustor, and all references to Borrower shall mean each and every Borrower. This means that each Borrower and Trustor signing below is responsible for all obligations in this Deed of Trust.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Deed of Trust unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Deed of Trust shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Deed of Trust. No prior waiver by Lender, nor any course of dealing between Lender and Trustor, shall constitute a waiver of any of Lender's rights or of any of Trustor's obligations as to any future transactions. Whenever the consent of Lender is required under this Deed of Trust, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Severability.** If a court of competent jurisdiction finds any provision of this Deed of Trust to be illegal, invalid, or unenforceable as to any person or circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other person or circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Deed of Trust. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Deed of Trust shall not affect the legality, validity or enforceability of any other provision of this Deed of Trust.

**Successors and Assigns.** Subject to any limitations stated in this Deed of Trust on transfer of Trustor's interest, this Deed of Trust shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Trustor, Lender, without notice to Trustor, may deal with Trustor's successors with reference to this Deed of Trust and the Indebtedness by way of forbearance or extension without releasing Trustor from the obligations of this Deed of Trust or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Deed of Trust.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Deed of Trust. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Deed of Trust shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Beneficiary.** The word "Beneficiary" means Bank of America, N.A., and its successors and assigns.

**Borrower.** The word "Borrower" means Francisco Lamadrid and includes all co-signers and co-makers signing the Note and all their successors and assigns.

**Deed of Trust.** The words "Deed of Trust" mean this Deed of Trust among Trustor, Lender, and Trustee, and includes without limitation all assignment and security interest provisions relating to the Personal Property and Rents.

**Default.** The word "Default" means the Default set forth in this Deed of Trust in the section titled "Default".

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., Chapters 6.5 through 7.7 of Division 20 of the California Health and Safety Code, Section 25100, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Deed of Trust in the events of default section of this Deed of Trust.

**Existing Indebtedness.** The words "Existing Indebtedness" mean the indebtedness described in the Existing Liens provision of this Deed of Trust.

**Guarantor.** The word "Guarantor" means any guarantor, surety, or accommodation party of any or all of the Indebtedness.

**Guaranty.** The word "Guaranty" means the guaranty from Guarantor to Lender, including without limitation a guaranty of all or part of the Note.

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.** The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property.

**Indebtedness.** The word "Indebtedness" means the indebtedness evidenced by the Note or Related Documents, including all principal and interest together with all other indebtedness and costs and expenses for which Borrower or Grantor or any other borrower, guarantor, pledgor, obligor or accommodation party is responsible under this Agreement or under any of the Related Documents, including any obligations arising under any interest rate, credit, commodity or equity swap, cap, floor, collar, forward foreign exchange transaction, currency swap, cross currency rate swap, currency option, securities puts, calls, collars, options or forwards or any combination of, or option with respect to, these or similar transactions now or hereafter entered into between any such party and Lender or any affiliate of Lender.

**Lender.** The word "Lender" means Bank of America, N.A., its successors and assigns.

**Note.** The word "Note" means the promissory note dated August 3, 2007, **in the original principal amount of $202,762.00** from Borrower to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement.

**Personal Property.** The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Trustor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property. The words "Personal Property" also include all tangible and intangible items obtained or owned by, or in the possession of Trustor that are directly or indirectly related to the acquisition, development, design, construction, permitting, marketing, or habitation of the Real Property or the Improvements to be constructed on the Real Property, whether heretofore or hereafter issued, prepared, or executed, including without limitation all permits, licenses, authorizations and approvals, trademarks and tradenames, and any and all land use entitlements, development rights, sewer capacity, approvals, density allocations and other rights or approvals relating to or authorizing the development or occupancy of the Property, plus all utility or other deposits, reimbursement rights, studies, tests, contracts, plans and specifications, relating to the Property and Improvements.

**Property.** The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.** The words "Real Property" mean the real property, interests and rights, as further described in this Deed of Trust.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.** The word "Rents" means all present and future leases, rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property together with the cash proceeds of the Rents.

**Trustee.** The word "Trustee" means PRLAP, Inc., whose address is 10850 White Rock Road, Suite 101, Rancho Cordova, CA 95670 and any substitute or successor trustees.

**Trustor.** The word "Trustor" means Francisco Lamadrid and Maria De Jesus Reyes.

**DEED OF TRUST**
(Continued)

Page 11

EACH TRUSTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND EACH TRUSTOR AGREES TO ITS TERMS.

TRUSTOR:

X _____
Francisco Lamadrid

X _____
Maria De Jesus Reyes

---

## CERTIFICATE OF ACKNOWLEDGMENT

STATE OF _California_ )
                        ) SS
COUNTY OF _Riverside_  )

On _August 14_ , 20_07_ before me, _S. Crutchfield_ NOTARY PUBLIC personally appeared Francisco Lamadrid, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____



S. CRUTCHFIELD
Commission # 1672286
Notary Public - California
Riverside County
My Comm. Expires Jul 1, 2010

(Seal)

**DEED OF TRUST**
(Continued)

Page 12

## CERTIFICATE OF ACKNOWLEDGMENT

STATE OF _California_ )
) SS
COUNTY OF _Riverside_ )

On _August 14_, 20 07 before me, _S Crutchfield_ NOTARY PUBLIC
personally appeared Maria De Jesus Reyes, personally known to me (or proved to me on the basis of satisfactory evidence) to be the
person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

(Seal)

S. CRUTCHFIELD
Commission # 1672286
Notary Public - California
Riverside County
My Comm. Expires Jul 1, 2010

---

**(DO NOT RECORD)**
## REQUEST FOR FULL RECONVEYANCE
(To be used only when obligations have been paid in full)

To: _____, Trustee

The undersigned is the legal owner and holder of all indebtedness secured by this Deed of Trust. All sums secured by this Deed of Trust
have been fully paid and satisfied. You are hereby directed, upon payment to you of any sums owing to you under the terms of this Deed
of Trust or pursuant to any applicable statute, to cancel the Note secured by this Deed of Trust (which is delivered to you together with
this Deed of Trust), and to reconvey, without warranty, to the parties designated by the terms of this Deed of Trust, the estate now held
by you under this Deed of Trust. Please mail the reconveyance and Related Documents to:

_____

Date: _____

Beneficiary: _____

By: _____

Its: _____

LASER PRO Lending, Ver. 5.36.10.001 Copr. Harland Financial Solutions, Inc. 1997, 2007. All Rights Reserved. - CA T:\PRLSAPPPRCLSIC\ASER PLECHFLPL\G06.FC TR-47471 PR-CHELSIC

Form No. 1068-2
ALTA Plain Language Commitment

Commitment No.: NCS-277502-A
Page Number: 5

# EXHIBIT "A"

PARCEL A:

UNIT NO. 45B, AS SHOWN AND DESCRIBED IN THAT CERTAIN CONDOMINIUM PLAN - RIVERWALK PHASE 4 RECORDED MARCH 19, 2007 AS INSTRUMENT NO. 2007-0184463 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA ("CONDOMINIUM PLAN"). THE CONDOMINIUM PLAN COVERS PARCELS 2 AND 3 OF PARCEL MAP NO. 34298, AS SHOWN ON THAT CERTAIN PARCEL MAP FILED IN BOOK 219, PAGES 79 THROUGH 81, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA.

PARCEL B:

AN UNDIVIDED TWO/THIRTIETHS (2/30) FEE SIMPLE INTEREST AS A TENANT-IN-COMMON IN THE COMMON AREA AS SET FORTH AND DEFINED ON THE CONDOMINIUM PLAN.

EXCEPTING FROM PARCELS A AND B ABOVE ONE-HALF OF ALL GAS, OIL AND OTHER HYDROCARBON SUBSTANCES AND ALL OTHER MINERALS OF EVERY KIND AND NATURE IN, UNDER OR PRODUCED FROM ALL OF THE ABOVE MENTIONED PROPERTY, TOGETHER WITH THE RIGHT TO DRILL, MINE AND DEVELOP THE SAME, AS RESERVED IN THE DEED RECORDED JANUARY 7, 1955 IN BOOK 1676, PAGE 319 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA;

ALSO EXCEPTING FROM PARCELS A AND B ABOVE AN UNDIVIDED ONE-HALF INTEREST IN AND TO ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND MINERALS BELOW A DEPTH OF 500 FEET FROM THE SURFACE WITH NO SURFACE RIGHT OF ENTRY TO THE PREMISES AS RESERVED BY MITWORTH CORPORATION, A CALIFORNIA CORPORATION, ET. AL., IN THE DEED RECORDED DECEMBER 26, 1967 AS INSTRUMENT NO. 113293 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

ALSO EXCEPTING FROM PARCELS A AND B ABOVE ANY AND ALL WATER, WATER RIGHTS OR INTERESTS THEREIN APPURTENANT OR RELATING TO THE LAND TO INCLUDE EXISTING WATER WELL SITES, WATER WELLS AND THEIR RESPECTIVE FACILITIES AND PIPELINES (INCLUDING EASEMENTS FOR THEIR LOCATION) AS RESERVED BY LA SIERRA UNIVERSITY, A CALIFORNIA NON-PROFIT RELIGIOUS CORPORATION, IN THE DEED RECORDED OCTOBER 27, 2005 AS INSTRUMENT NO. 2005-0886716 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

RESERVING FROM PARCELS A AND B ABOVE, FOR THE BENEFIT OF GRANTOR AND TURNER RIVERWALK – 1, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, AND THEIR RESPECTIVE SUCCESSORS IN INTEREST AND OTHERS, EASEMENTS FOR ACCESS, INGRESS, EGRESS, ENCROACHMENT, SUPPORT, MAINTENANCE, DRAINAGE, USE, ENJOYMENT, REPAIRS, AND FOR OTHER PURPOSES AS DESCRIBED IN THE DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND RESERVATION OF EASEMENTS FOR TURNER RIVERWALK RECORDED OCTOBER 19, 2004 AS INSTRUMENT NO. 2004-0827391, AS AMENDED BY THE FIRST AMENDMENT TO DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND RESERVATION OF EASEMENTS FOR TURNER RIVERWALK RECORDED DECEMBER 10, 2004 AS INSTRUMENT NO. 2004-0982160 AND AS ANNEXED BY THAT SUPPLEMENTAL DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND RESERVATION OF EASEMENTS FOR TURNER RIVERWALK (PHASE 4) RECORDED MARCH 19, 2007 AS INSTRUMENT NO. 2007-0184461, AND IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION

*First American Title Insurance Company*



Form No. 1068-2
ALTA Plain Language Commitment

Commitment No.: NCS-277502-A
Page Number: 6

OF EASEMENTS FOR RIVERWALK PHASE 4 CONDOMINIUM ASSOCIATION RECORDED MARCH 19, 2007 AS INSTRUMENT NO. 2007-0184462, AS AMENDED BY THE FIRST AMENDMENT TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR RIVERWALK PHASE 4 CONDOMINIUM ASSOCIATION RECORDED APRIL 3, 2007 AS INSTRUMENT NO. 2007-0225457, ALL OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

PARCEL C:

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE, ENJOYMENT, DRAINAGE ENCROACHMENT, SUPPORT MAINTENANCE, REPAIRS AND OTHER PURPOSES, AS SAID EASEMENTS ARE SET FORTH IN SECTION 12.4 OF THAT CERTAIN DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND RESERVATION OF EASEMENTS FOR TURNER RIVERWALK RECORDED OCTOBER 19, 2004 AS INSTRUMENT NO. 2004-0827391, AS AMENDED BY THE FIRST AMENDMENT TO DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND RESERVATION OF EASEMENTS FOR TURNER RIVERWALK RECORDED DECEMBER 10, 2004 AS INSTRUMENT NO. 2004-0982160 AND AS ANNEXED BY THAT SUPPLEMENTAL DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND RESERVATION OF EASEMENTS FOR TURNER RIVERWALK (PHASE 4) RECORDED MARCH 19, 2007 AS INSTRUMENT NO. 2007-0184461, ALL OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

PARCEL D:

AN APPURTENANT, NONEXCLUSIVE EASEMENT FOR USE OF AND VEHICULAR AND PEDESTRIAN ACCESS OVER THE COMMON PROPERTY, AS SAID EASEMENT IS SET FORTH AND DEFINED IN SECTION 4.1.5 OF THAT CERTAIN DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR RIVERWALK PHASE 4 CONDOMINIUM ASSOCIATION RECORDED MARCH 19, 2007 AS INSTRUMENT NO. 2007-0184462, AS AMENDED BY THE FIRST AMENDMENT TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR RIVERWALK PHASE 4 CONDOMINIUM ASSOCIATION RECORDED APRIL 3, 2007 AS INSTRUMENT NO. 2007-0225457, BOTH OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

APN:  142-090-020-4 and 142-090-021-5 and 142-090-023 and 142-090-024

*First American Title Insurance Company*

# ILLEGIBLE NOTARY SEAL DECLARATION

Government Code Section 27361.7

I certify under penalty of perjury that the notary seal on the document to which this statement attached reads as follows:

| | |
|---|---|
| Name of Notary: | S. CRUTCHFIELD |
| Date Commission Expires: | JULY 1, 2010 |
| Notary Identification No:<br>(for Notaries commissioned at 1/1/92) | 1672286 |
| Manufacturer/Vendor Identification No:<br>(for Notaries commissioned at 1/1/92) | NNA1 |
| Place of Execution of this Declaration: | FIRST AMERICAN TITLE |
| Date: | AUGUST 17, 2007 |

FIRST AMERICAN TITLE INSURANCE COMPANY

Authorized Signatory



Recorded 2/25/09

# AMENDED ASSESSMENT DIAGRAM

## RIVERWALK BUSINESS CENTER ASSESSMENT DISTRICT
### CITY OF RIVERSIDE, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA

( AMENDING ASSESSMENT NUMBERS 1067 AND 1070 )

FOR. SEC. 15, 22 T.5S., R.6W., CITY OF RIVERSIDE

ON 195/69-93   PAR 2.3 #0.184463 03/19/07

SHEET  1  OF  1  SHEET

M.D.  08-0123

NOT TO SCALE



**Bank of America**

# PROMISSORY NOTE

| | | | |
|---|---|---|---|
| **Borrower:** | Francisco Lamadrid<br>9099 Sanctuary Drive<br>Corona, CA 92883 | **Lender:** | Bank of America, N.A.<br>CCS-Small Business/ Premier<br>CA9-703-11-11<br>333 South Beaudry Avenue, 11th Flr<br>Los Angeles, CA 90017-1466 |

---

**Principal Amount: $202,762.00**                                        **Date of Note: August 3, 2007**

**PROMISE TO PAY.** Francisco Lamadrid ("Borrower") promises to pay to Bank of America, N.A. ("Lender"), or order, in lawful money of the United States of America, the principal amount of Two Hundred Two Thousand Seven Hundred Sixty-two & 00/100 Dollars ($202,762.00), together with interest at the rate of 7.625% on the unpaid principal balance from August 3, 2007, until paid in full.

**PAYMENT.** Borrower will pay this loan in accordance with the following payment schedule:

3 monthly consecutive interest payments, beginning September 3, 2007, with interest calculated on the unpaid principal balance at an interest rate of 7.625% per annum; 119 monthly consecutive principal and interest payments of $2,431.81, beginning December 3, 2007, with interest calculated on the unpaid principal balances at an interest rate of 7.625% per annum; and one final principal and interest payment of approximately $2,431.81 on November 3, 2017, with interest calculated on the unpaid principal balance at an interest rate of 7.625% per annum. The final payment will be for all principal and accrued interest not yet paid, together with any other unpaid amounts under this Note .

Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any late charges; and then to any unpaid collection costs. The annual interest rate for this Note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**PREPAYMENT FEE.** Upon prepayment of this Note, Lender is entitled to the following prepayment fee: Borrower may prepay up to twenty percent (20%) of the face amount of this Note in any Annual Period without the payment of a prepayment fee or premium. "Annual Period" means the period commencing on the date of this Note and ending twelve (12) months thereafter, and each subsequent twelve-month period. Prepayments in any Annual Period which exceed, in the aggregate, twenty percent (20%) of the face amount of this Note ("Excess Prepayments") must be accompanied by payment of a prepayment fee as follows:

During the first Annual Period, 5% of the Excess Prepayments;
During the second Annual Period, 4% of the Excess Prepayments;
During the third Annual Period, 3% of the Excess Prepayments;
During the fourth Annual Period, 2% of the Excess Prepayments;
During the fifth Annual Period, 1% of the Excess Prepayments.

No prepayment fee will be assessed after the fifth Annual Period. Partial prepayments shall be applied to the most remote payment of principal due under this Note. Except for the foregoing, Borrower may pay all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: Bank of America, N.A., FL9-100-03-15, P.O. Box 45247 Jacksonville, FL 32203-0329

**LATE CHARGE.** If a payment is 15 days or more late, Borrower will be charged 4.000% of the unpaid portion of the regularly scheduled payment.

**INTEREST AFTER DEFAULT.** Upon default, the interest rate on this Note shall immediately increase by 6.000 percentage points, if permitted under applicable law.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**Default in Favor of Third Parties.** Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Death or Insolvency.** The death of Borrower or the dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate

EXHIBIT 

# PROMISSORY NOTE
## (Continued)

Page 2

reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance on this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. Borrower also will pay any court costs, in addition to all other sums provided by law.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of California.

**CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of any County, State of California.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts.

**COLLATERAL.** Borrower acknowledges this Note is secured by the following collateral described in the security instrument listed herein: a Construction Deed of Trust dated August 3, 2007, to a trustee in favor of Lender on real property located in Riverside County, State of California. That agreement contains the following due on sale provision: Lender may, at Lender's option, declare immediately due and payable all sums secured by the Construction Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law.

**DISPUTE RESOLUTION PROVISION.** This paragraph, including the subparagraphs below, is referred to as the "Dispute Resolution Provision." This Dispute Resolution Provision is a material inducement for the parties entering into this agreement.

(a) This Dispute Resolution Provision concerns the resolution of any controversies or claims between the parties, whether arising in contract, tort or by statute, including but not limited to controversies or claims that arise out of or relate to: (i) this agreement (including any renewals, extensions or modifications); or (ii) any document related to this agreement (collectively a "Claim"). For the purposes of this Dispute Resolution Provision only, the term "parties" shall include any parent corporation, subsidiary or affiliate of Lender involved in the servicing, management or administration of any obligation described or evidenced by this agreement.

(b) At the request of any party to this agreement, any Claim shall be resolved by binding arbitration in accordance with the Federal Arbitration Act (Title 9, U.S. Code) (the "Act"). The Act will apply even though this agreement provides that it is governed by the law of a specified state.

(c) Arbitration proceedings will be determined in accordance with the Act, the then-current rules and procedures for the arbitration of financial services disputes of the American Arbitration Association or any successor thereof ("AAA"), and the terms of this Dispute Resolution Provision. In the event of any inconsistency, the terms of this Dispute Resolution Provision shall control. If AAA is unwilling or unable to (i) serve as the provider of arbitration or (ii) enforce any provision of this arbitration clause, the Lender may designate another arbitration organization with similar procedures to serve as the provider of arbitration.

(d) The arbitration shall be administered by AAA and conducted, unless otherwise required by law, in any U.S. state where real or tangible personal property collateral for this credit is located or if there is no such collateral, in the state specified in the governing law section of this agreement. All Claims shall be determined by one arbitrator; however, if Claims exceed Five Million Dollars ($5,000,000), upon the request of any party, the Claims shall be decided by three arbitrators. All arbitration hearings shall commence within ninety (90) days of the demand for arbitration and close within ninety (90) days of commencement and the award of the arbitrator(s) shall be issued within thirty (30) days of the close of the hearing. However, the arbitrator(s), upon a showing of good cause, may extend the commencement of the hearing for up to an additional sixty (60) days. The arbitrator(s) shall provide a concise written statement of reasons for the award. The arbitration award may be submitted to any court having jurisdiction to be confirmed and have judgment entered and enforced.

(e) The arbitrator(s) will give effect to statutes of limitation in determining any Claim and may dismiss the arbitration on the basis that the Claim is barred. For purposes of the application of any statutes of limitation, the service on AAA under applicable AAA rules of a notice of Claim is the equivalent of the filing of a lawsuit. Any dispute concerning this arbitration provision or whether a Claim is arbitrable shall be determined by the arbitrator(s), except as set forth at subparagraph (h) of this Dispute Resolution Provision. The arbitrator(s) shall have the power to award legal fees pursuant to the terms of this agreement.

(f) This paragraph does not limit the right of any party to: (i) exercise self-help remedies, such as but not limited to, setoff; (ii) initiate judicial or non-judicial foreclosure against any real or personal property collateral; (iii) exercise any judicial or power of sale rights, or (iv) act in a court of law to obtain an interim remedy, such as but not limited to, injunctive relief, writ of possession or appointment of a receiver, or additional or supplementary remedies.

(g) The filing of a court action is not intended to constitute a waiver of the right of any party, including the suing party, thereafter to require submittal of the Claim to arbitration.

(h) Any arbitration or trial by a judge of any Claim will take place on an individual basis without resort to any form of class or representative action (the "Class Action Waiver"). Regardless of anything else in this Dispute Resolution Provision, the validity and effect of the Class Action Waiver may be determined only by a court and not by an arbitrator. The parties to this Agreement acknowledge that the Class Action Waiver is material and essential to the arbitration of any disputes between the parties and is nonseverable from the agreement to arbitrate Claims. If the Class Action Waiver is limited, voided or found unenforceable, then the parties' agreement to arbitrate shall be null and void with respect to such proceeding, subject to the right to appeal the limitation or invalidation of the Class Action Waiver. The Parties acknowledge and agree that

# PROMISSORY NOTE
## (Continued)

Page 3

under no circumstances will a class action be arbitrated.

**ASSIGNMENT.** Lender may sell or offer to sell this Note, together with any and all documents guarantseing, securing or executed in connection with this Note, to one or more assignees without notice to or consent of Borrower. Lender is hereby authorized to share any information it has pertaining to the loan evidenced by this Note, including without limitation credit information on the undersigned, any of its principals, or any guarantors of this Note, to any such assignee or prospective assignee.

**COUNTERPARTS.** This Note may be executed in any number of counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same agreement.

**PRE-BILLING.** If the Borrower and Lender elect to use pre-billing calculation, for each payment date (the "Due Date") the amount of each payment debit will be determined as follows: On the "Billing Date" Lender will prepare and mail to Borrower an invoice of the amounts that will be due on that Due Date ("Billed Amount"). (The "Billing Date" will be a date that is a specified number of calendar days prior to the Due Date, which number of days will be mutually agreed from time to time by Lender and Borrower.) The calculation of the Billed Amount will be made on the assumption that no new extensions of credit or payments will be made between the Billing Date and the Due Date, and that there will be no changes in the applicable interest rate. On the Due Date Lender will debit the Designated Account for the Billed Amount, regardless of the actual amount due on that date ("Accrued Amount"). If the Due Date does not fall on a Business Day, Lender shall debit the Designated Account on the last Business Day following the Due Date. For purpose of this Agreement, "Business Day" means a day other than Saturday, Sunday or other day on which commercial banks are authorized to close or are in fact closed in the state where the Lender's lending office is located. If the Billed Amount debited to the Designated Account differs from the Accrued Amount, the difference will be treated as follows: If the Billed Amount is less than the Accrued Amount, the Billed Amount for the following Due Date will be increased by the amount of the underpayment. Borrower will not be in default by reason of any such underpayment. If the Billed Amount is more than the Accrued Amount, the Billed Amount for the following Due Date will be decreased by the amount of the overpayment. Regardless of any such difference, interest will continue to accrue based on the actual amount of principal outstanding without compounding. Lender will not pay interest on any overpayment.

**AUTOMATIC PAYMENTS.** Borrower hereby authorizes Lender automatically to deduct from Borrower's account numbered 2363166775, the amount of any loan payment. If the funds in the account are insufficient to cover any payment, Lender shall not be obligated to advance funds to cover the payment. At any time and for any reason, Borrower or Lender may voluntarily terminate Automatic Payments.

**TERMINATION OF AUTOMATIC PAYMENTS.** In the event that Borrower terminates the Automatic Payment arrangement with Lender, Borrower agrees that the interest rate under the Note will increase, at the discretion of the Lender, by one percentage point (1.00%) per annum over the rate of interest stated in the Note, and the amount of each interest installment will be increased accordingly. The applicable rate of interest under the Note shall not in any event exceed the maximum rate permitted by law.

**ADVANCES UNDER THE LINE OF CREDIT.** Except as otherwise provided in this Note, advances under the line of credit provided under this Note will be available until the earlier of any event of default under this Note, or November 3, 2007, (the "Expiration Date"). The total principal amount outstanding under this Note at any one time must not exceed the principal amount of this Note, provided that the amount advanced hereunder does not exceed any borrowing base or other limitation on borrowings by Borrower.

**LINE OF CREDIT.** This Note evidences a straight line of credit. Once the total amount of principal has been advanced, Borrower is not entitled to further loan advances. Borrower agrees to be liable for all sums either: (A) advanced in accordance with the instructions of an authorized person or (B) credited to any of Borrower's accounts with Lender. The unpaid principal balance owing on this Note at any time may be evidenced by endorsements on this Note or by Lender's internal records, including daily computer print-outs.

**FINAL AGREEMENT. BY SIGNING THIS DOCUMENT EACH PARTY REPRESENTS AND AGREES THAT: (A) THIS DOCUMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES WITH RESPECT TO THE SUBJECT MATTER HEREOF, (B) THIS DOCUMENT SUPERSEDES ANY COMMITMENT LETTER, TERM SHEET OR OTHER WRITTEN OUTLINE OF TERMS AND CONDITIONS RELATING TO THE SUBJECT MATTER HEREOF, UNLESS SUCH COMMITMENT LETTER, TERM SHEET OR OTHER WRITTEN OUTLINE OF TERMS AND CONDITIONS EXPRESSLY PROVIDES TO THE CONTRARY, (C) THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES, AND (D) THIS DOCUMENT MAY NOT BE CONTRADICTED BY EVIDENCE OF ANY PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OR UNDERSTANDINGS OF THE PARTIES.**

**ADDITIONAL DEFAULTS.** Each of the following shall constitute an additional event of default ("Event of Default") under this Note:

**Event of Default Under Related Documents.** A default or event of default occurs under the terms of any promissory note, guaranty, pledge agreement, security agreement or other agreement or instrument executed by Borrower or any guarantor, pledgor, accommodation party or other obligor in connection with or relating to this Note.

**Judgment.** The entry of a judgment against any Borrower or guarantor, pledgor, accommodation party or other obligor which Lender deems to be of a material nature, in Lender's sole discretion.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any assets of Borrower and/or any guarantor, pledgor, accommodation party or other obligor. This includes a garnishment of; (1) any of Borrower's accounts, including deposit accounts, with Lender and/or (2) any account, including deposit accounts, with Lender of any guarantor, pledgor, accommodation party or other obligor. However, this Event of Default shall not apply if there is a good faith dispute by such Borrower and/or guarantor, pledgor, accommodation party or other obligor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if such Borrower and/or guarantor, pledgor, accommodation party or other obligor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Adverse Change of Obligor.** A material adverse change occurs in the financial condition of any guarantor, pledgor, accommodation party or other obligor, as determined by Lender in its sole discretion.

**ADDRESS FOR NOTICES.** Any notice required to be given under this Note shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the Borrower at the address shown near the beginning of this Note and if to Lender at the address set forth below. Any party may change its address for notices under this Note by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Borrower agrees to keep Lender informed at all times of Borrower's current address. Unless otherwise provided or required by law, if there is more than one Borrower, any notice given by Lender to any Borrower is deemed to be notice given to all Borrowers. Notwithstanding anything to the contrary herein, all notices and communications to the Lender shall be directed to the following address:

Bank of America, N.A.
Jacksonville CC5 · Attn: Notice Desk

# PROMISSORY NOTE
## (Continued)

9000 Southside Blvd., Bldg. 100, 3rd Floor
Jacksonville, FL 32256.

**APPRAISALS.** Borrower agrees to reimburse Lender for the cost of periodic appraisals of any real or personal property collateral securing the indebtedness hereunder, at such intervals as Lender may reasonably require. The appraisals may be performed by employees of Lender or by independent appraisers.

**MAINTENANCE OF PRINCIPAL DEPOSIT ACCOUNTS.** Borrower agrees to maintain its principal deposit accounts with Lender.

**Affiliate Sharing Notice.** Notice to Individual Borrowers, Guarantors and Pledgors ("Obligors"): From time to time Bank of America, N.A. (the "Bank") may share information about the Obligor's experience with Bank of America Corporation (or any successor company) and its subsidiaries and affiliated companies (the "Affiliates"). The Bank may also share with the Affiliates credit-related information contained in any applications, from credit reports and information it may obtain about the Obligor from outside sources. If the Obligor is an individual, the Obligor may instruct the Bank not to share this information with the Affiliates. The Obligor can make this election by (1) calling the Bank at 1 888.341.5000, (2) visiting the Bank online at www.bankofamerica.com, selecting "Privacy & Security," and then selecting "Set Your Privacy Preferences," or (3) contacting the Obligor's client manager or local banking center. To help the Bank complete the Obligor's request, the Obligor should include the Obligor's name, address, phone number, account number(s) and social security number. If the Obligor makes this election, certain products or services may not be made available to the Obligor. This request will apply to information from applications, consumer reports and other outside sources only, and may take six to eight weeks to be fully effective. Through the normal course of doing business, including servicing the Obligor's accounts and better serving the Obligor's financial needs, the Bank will continue to share transaction and account experience information, as well as other general information among the Affiliates.

**USA Patriot Act Notice.** Federal law requires all financial institutions to obtain, verify and record information that identifies each person who opens an account or obtains a loan. Lender will ask for the Borrower's legal name, address, tax ID number or social security number and other identifying information. Lender may also ask for additional information or documentation or take other actions reasonably necessary to verify the identity of the Borrower, guarantors or other related persons.

**Borrower Information; Reporting to Credit Bureaus.** . Borrower authorizes Lender at any time to verify or check any information given by Borrower to Lender, check Borrower's credit references, verify employment, and obtain credit reports. Borrower agrees that Lender shall have the right at all times to disclose and report to credit reporting agencies and credit rating agencies such information pertaining to Borrower and/or all guarantors as is consistent with Lender's policies and practices from time to time in effect.

**Successor Interests.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**General Provisions.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive any applicable statute of limitations, presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs the Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

**PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. BORROWER AGREES TO THE TERMS OF THE NOTE.**

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

X _____
Francisco Lamadrid

LASER PRO Lending, Ver. 5.56.10.001 Copr. Harland Financial Solutions, Inc. 1997, 2011. All Rights Reserved.   CA   1 T:\CM\FIN\AT:A\COUNTIN\CFI\LPL\D29.FC   TR-47411 PR-CLMS/HIC

RECORDING REQUESTED BY:

old republic concord

DOC 2010-0054961
02/05/2010 08:00A Fee:21.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

WHEN RECORDED MAIL TO:
**Old Republic - Trustee Services Division**
**1000 Burnett Avenue, Suite 400**
**Concord, California  94520**

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|-----|------|------|-----|------|
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |
|   |   |   |      |      |     | T:   | CTY  | UNI |      |

TS No.: 0125000401
Loan No.: ▨▨4050-▨

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

T
061

### IMPORTANT NOTICE
### IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,

and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property.  No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$10,539.10** as of **February 03, 2010**, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**Bank of America, N.A.**
**Special Assets Group**
**C/O Old Republic - Trustee Services Division**
**1000 Burnett Avenue, Suite 400**
**Concord, California  94520**

**Phone: (866) 248-9598**

EXHIBIT _D_

TS No.: 0125000401
Loan No.: ▮▮▮4050▮▮

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.**

**Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.**

## Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN:  That **Old Republic Title Company, a California corporation** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 8/3/2007, executed by **Francisco Lamadrid and Maria de Jesus Reyes**, as Trustor, to secure certain obligations in favor of **Bank of America, N.A.,**  as beneficiary, recorded 8/17/2007, as Instrument No. 2007-0532816, of Official Records in the Office of the Recorder of **Riverside County,** California describing land therein as: As more fully described on said Deed of Trust.

including **ONE (1) NOTE(S) FOR THE ORIGINAL** sum of **$202,762.00**, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in,  the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:
**THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 10/3/2009 AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL AND INTEREST. ALL LATE CHARGES DUE. ALL FORECLOSURE FEES AND COSTS. PROVIDE PROOF THAT SENIOR LIEN IS PAID CURRENT.**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

**Dated: February 03, 2010**

Old Republic Title Company, as Agent for the Beneficiary

BY: _____
Debbie Jackson, Assistant Vice President

This loan which is subject of this notice is not subject to the provisions of California Civil Code 2923.5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

**NOTICE OF REMOVAL, NOTICE TO VOID LEGAL DETERMINATIONS, GRANTED MOTIONS, JUDGMENTS AND COURT ORDERS AND PERMANENT INJUNCTION RELIEF**



# AUDITING SERVICES

Ph.(714) 231-1764  Fax:(951) 279-2195
email: aprime@sbcglobal.net

# SECURITIZATION ANALYSIS REPORT

**Prepared for:**
**Francisco Lamadrid**
**Maria de Jesus Reyes**

**For Property Address:**
**4193 Flatrock**
**Riverside, Ca. 92505**