O

JS - 6

cc: order, docket, remand letter to
Riverside County Superior Court, Moreno Valley, No. MVC 1102354

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, N.A.., a national banking association,<br><br>          Plaintiff,<br><br>  v.<br><br>FRANCISCO LAMADRID; MARIA de JESUS REYES; ALPHA REALTY, INC.,<br><br>          Defendants. | Case No. EDCV 12-00360 DDP (SPx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTIONS TO REMAND AND TO DISMISS DEFENDANTS' COUNTERCLAIM AND THIRD PARTY COMPLAINT, AND DENYING PLAINTIFF'S REQUESTS FOR ATTORNEYS' FEES**<br><br>[Docket Nos. 5, 12, 13] |

    Presently before the court are Plaintiff's Motions to Remand and to Dismiss Defendants' Counterclaim and Third Party Complaint (collectively, "Motions"). In its Motions, Plaintiff also requests attorneys' fees. Defendants have not filed any opposition.

    As Plaintiff explains, there is no federal subject matter jurisdiction in this action. Plaintiff's unlawful detainer complaint raises only issues of state law, and the amount in controversy does not appear to exceed $75,000. Further, defenses and counterclaims based on federal law are insufficient to create federal jurisdiction. See U.S. Bank v. Teratyatstryan, No. CV

12-2876, 2012 WL 1535453, at *3 (C.D. Cal. Apr. 30, 2012); HSBC Bank USA v. Santiago, No. CV 10-04127, 2011 WL 165382, at *1-2 (C.D. Cal. Jan. 18, 2011).  The court therefore grants Plaintiff's Motions to Remand and to Dismiss Defendants' Counterclaim and Third Party Complaint.

The court, however, denies Plaintiff's requests for attorneys' fees.  As this court has explained under similar circumstances: "Defendants are proceeding without the assistance of counsel. While it is black letter law that defenses [and counterclaims] arising under federal law do not create removal jurisdiction, the court does not fault the Defendants for not having the same familiarity with the nuances of federal civil procedure that a lawyer should."  Santiago, 2011 WL 165382, at *2.  The court notes, however, that Defendants may be ordered to pay Plaintiff's attorneys' fees and costs if they attempt again to remove this unlawful detainer action.

IT IS SO ORDERED.


Dated: May 25, 2012

DEAN D. PREGERSON
United States District Judge